IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case no. 13 B 04679 |
| JDS MANAGEMENT LLC, | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | Chapter 11 |

AGREED FINAL ORDER AUTHORIZING DEBTOR'S USE OF THE
CASH COLLATERAL OF THE PRIVATE BANK AND TRUST COMPANY

This cause coming to be heard on the motion (the "Motion") of JDS Management LLC, as debtor and debtor-in-possession herein (the "Debtor), for authority to use the cash collateral of The Private Bank And Trust Company (the "Bank"); notice of the Motion having been provided; the Debtor and the Bank having stipulated to the following facts:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334.

B. The Debtor filed a voluntary Chapter 11 petition on December 7, 2012. The Debtor continues in management of its business and possession of its assets pursuant to 11 U.S.C. §§ 1107, 1108.

C. The Debtor owns five residential properties in Joliet, Illinois.

D. The Bank is holder of certain promissory notes executed by the Debtor:

    a. January 31, 2012 in the principal amount of $82,662.05;

    b. January 31, 2012 in the principal amount of $71,040.54; and

    c. January 31, 2012 in the principal amount of $174,461.29

(collectively, the "Notes").

E. The Notes are secured by duly recorded first lien position mortgages dated on or about January 31, 2012 (together, the "Mortgages") that the Debtor executed in favor of the Bank on the following real estate parcels:

   a. 210 N. Hickory, Joliet, Illinois 60435;

   b. 618 Clement, Joliet, Illinois 60435; and

   c. 1311 Cass, Joliet, Illinois 60435

(collectively, the "Properties").

F. The Debtor executed an Assignment Of Rents in favor of the Bank in connection with each of the Properties.

G. As of the petition date, the Debtor is indebted to the Bank in amounts set forth in the Debtor's schedules, which amounts are subject to further verification by the Bank, and are exclusive of accrued and accruing attorneys' fees and post-petition interest (the "Pre-Petition Indebtedness").

**IT IS HEREBY ORDERED THAT**:

1. The Bank's "Cash Collateral," in this case and as defined in 11 U.S.C. § 363(a), shall include cash, cash equivalents, proceeds, deposit accounts, income, security deposits, rents and profits of the Properties.

2. The pre-petition Mortgages, liens and security interests of the Bank in the Cash Collateral and the Properties are deemed to be valid, enforceable, perfected and first priority, as stipulated and agreed by the Debtor, without binding effect to a subsequent Trustee or committee, if any. The Debtor is deemed to have waived all defenses, claims, rights of setoff and causes of action it may have against the Bank

with respect to the Properties, the Pre-Petition Indebtedness and the above-described loan documents.

3. The Debtor shall receive, deposit and maintain the Cash Collateral in a segregated "debtor-in-possession" account (the "DIP Account"), into which the Debtor shall not permit any commingling of any other assets.

4. The Debtor is authorized to use the Cash Collateral to pay only the expenses of the Properties, consistent with the terms of this Order and pursuant to the budget attached to the Debtor's Motion.

5. On the 10th day of every month, the Debtor shall provide the Bank with an accounting of the Cash Collateral, including all deposits into and disbursements out of the DIP Account.

6. The Debtor shall provide to the Bank copies of rent rolls, security deposits, leases, certificates of insurance, evidence of payment of all taxes and utilities and such other documents related to the Cash Collateral and the Properties, as may now exist and as may come into existence. The Bank shall be entitled to access to the Properties for purposes of appraisal and/or inspection at a mutually acceptable date and time.

7. The Debtor shall be authorized to pay expenditures not listed on the Budget, or in excess of the amounts listed on the Budget, only upon (i) order of this Court after notice and a hearing, or (ii) the prior written consent of the Bank.

8. As adequate protection for the Debtor's use of the Properties and the Cash Collateral, the Debtor shall pay the Bank each of the following monthly amounts: $724.72 as to 210 N. Hickory, Joliet, Illinois 60435; $339.37 as to 618 Clement, Joliet, Illinois 60435; and, $293.73 as to 1311 Cass, Joliet, Illinois 60435. Further, interest shall

continue to accrue at the amounts set forth in the Notes and Mortgages. However, interest shall be payable during the term of this Interim Order at a rate of 5% per annum. Any allocation of a payment between principal and interest is provisional and subject to further order of Court.

9. As additional adequate protection for the Debtor's use of the Properties and the Cash Collateral, the Bank shall receive valid, enforceable, perfected and first priority, replacement liens in the Cash Collateral (the "Post-Petition Liens"). The Post-Petition Liens shall be deemed valid, enforceable and perfected as against all third parties without the Bank being required to record or file additional documentation or to take any other action.

10. The Post-Petition Liens shall be superior in right to any other lien, claim or encumbrance created or arising hereafter with respect to the Properties.

11. With the exception of the Post-Petition Liens, the Debtor shall not permit any mortgages, liens, claims, encumbrances or transfers to be made, granted, asserted, filed or recorded against the Properties.

12. The Debtor shall remain current in paying the real estate taxes for the Properties and shall maintain insurance for the Properties. Proof of payment of taxes, and current certificates of insurance, in amounts provided by the Mortgages, shall be remitted to the Bank as a condition precedent to the entry of this Order.

13. The Debtor's failure to comply with the terms of this Order shall be deemed a default under this Order. The Bank shall provide notice to the Debtor of a default under this Order, and the Debtor then shall have five (5) business days to cure such default. Failure to timely cure such default shall result in an automatic termination of its

authority to use the Cash Collateral. Upon such termination, the Debtor shall cease using the Cash Collateral and the DIP Account, and the Bank shall be entitled to exercise all rights and remedies available to it under all applicable law.

14. Only the Debtor and the Debtor's professionals expressly waive all rights and claims under 11 U.S.C. § 506(c) with respect to the Bank and the Properties.

15. The Debtor's authority to use the Cash Collateral shall continue through plan confirmation, dismissal, conversion to Chapter 7, appointment of a trustee, appointment of a committee, or further order of Court.

ENTER:

Hon. Jack B. Schmetterer

APR 0 8 2013

**JDS Management LLC**
**13 B 03679**
**Agreed Final Order Authorizing Debtor's Use of Cash Collateral-The Private Bank and Trust Company**

The Debtor and The Private Bank and Trust Company agree to the entry of the foregoing Agreed Final Order Authorizing Debtor's Use of the Cash Collateral of The Private Bank and Trust Company, consisting of five pages:

JDS Management LLC                             The Private Bank and Trust Company

By: _____                  By: _____
     Its attorney                                    Its attorney

Prepared by:
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange, IL 60525
708-937-1264
708-937-1265 (fx)
dlloyd@davidlloydlaw.com